HOTEL, MOTEL, RESTAURANT AND HI-RISE EMPLOYEES AND BAR-TENDERS UNION, LOCAL 355, AFL-CIO, Plaintiff,

v.

FONTAINEBLEAU HOTEL CORP., a Florida Corporation, Defendant.

No. 75–2431–Civ–SMA.

United States District Court,
S. D. Florida.

Nov. 24, 1976.

Seymour A. Gopman, Mamber, Gopman, Epstein & Foosaner, North Miami Beach, Fla., for plaintiff.

Richard I. Manas, Bruckner, Greene & Manas, Miami, Fla., for defendant.

84

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and FINAL JUDGMENT

ARONOVITZ, District Judge.

THIS NON–JURY TRIAL was heard by the Court on October 21, 1976. Based upon the testimony adduced by and in behalf of the respective parties, the exhibits received in evidence, argument by respective counsel, the several Memoranda of Law and an examination of the entire record, this Court herewith makes the following Findings of Fact:

1. This is an action to enforce an Arbitration Award rendered in favor of the Plaintiff-LABOR UNION and against the Defendant-Employer pursuant to a Collective Bargaining Agreement between the parties. Defendant filed a counterclaim seeking to vacate the Arbitration Award.

2. The Plaintiff and the Defendant were parties to a Collective Bargaining Agreement and said Agreement was in effect at all times relevant to these proceedings.

3. Prior to the expiration of the Agreement a dispute arose as to whether or not employees classified as checkers, cashiers and beach boys were to be included under the terms of the Agreement and given all the benefits of the Agreement. The union demanded arbitration on August 8, 1974, and on September 6, 1974 hearings commenced thereon. They were held in abeyance by reason of the institution of a suit in this Court by the Employer to stay arbitration (Case No. 74–1118–CIV–CA before the Honorable C. Clyde Atkins, U. S. District Judge).

4. The aforedescribed lawsuit was dismissed by Order of the Honorable C. Clyde Atkins, U. S. District Judge, on October 31, 1974 wherein the Court held that the subject matter presented an arbitrable dispute and that the arbitration proceedings should resolve same.

5. On August 25, 1975 the Arbitration Award which is the subject matter hereof was duly rendered. The Arbitrator ruled that the Collective Bargaining Agreement of the parties covers and includes employees of defendant classified as checkers, cashiers and beach boys as bargaining unit members whom the union represents. Plaintiff herein seeks to enforce this Award. Defendant asks that the Award be vacated.

6. Defendant adduced testimony seeking to show that between the time that briefs were submitted (February 14, 1975) to the Arbitrator following the last hearing in the Arbitration proceedings, and the date that the Arbitration Award was rendered (August 25, 1975) that several events had occurred which Defendant claims to show that the Arbitrator was biased against Defendant and partial to Plaintiff. Testimony was also adduced by Defendant seeking to establish that the Arbitrator had exceeded his power and authority in making the Arbitration Award. This Court finds that there was a total lack of clear and compelling credible evidence to establish either bias or partiality upon the part of the Arbitrator and further finds, after reviewing among other matters the testimony adduced in the Arbitration proceedings and introduced into evidence herein, that in fact the Arbitrator did not exceed his power or authority in reaching and rendering the Arbitration Award.

7. Defendant also raises the timeliness of the Arbitration Award rendered under date of August 25, 1975, after the final hearing in the said proceedings on January 2, 1975, and briefs were submitted on February 14, 1975. Defendant points toward a provision of the Agreement calling for an award to be made within thirty (30) days of the last hearing date. This Court finds that as a matter of custom involving the same parties and in other proceedings wherein related and unrelated matters were involved that it was not unusual for the Arbitration Awards to be made or rendered in periods of time exceeding that appearing in the Agreement; that in the subject instance there was no apparent reason shown by the evidence to differentiate the lack of timeliness from those on other occasions, and that the delay itself was neither unreasonable nor prejudicial.

8. This Court further finds no credible evidence to indicate that the compensation

paid to the Arbitrator by Defendant in any way was or constituted preferential treatment or treatment by reason of which bias or prejudice ensued either for or against either party hereto.

Based upon the foregoing Findings of Fact, the Court herewith reaches the following Conclusions of Law:

A. This Court has jurisdiction of this action and the parties hereto based upon Section 301 of the Labor Management Relations Act of 1947 as amended, 29 U.S.C., Sec. 185, the Federal Arbitration Code, 9 U.S.C., Section 1 et seq.

B. The Plaintiff is a labor organization within the meaning of the Labor Management Relations Act of 1947 and the Defendant is an employer engaged in commerce.

C. The Plaintiff and the Defendant were parties to a Collective Bargaining Agreement which was in effect at all times relevant to this proceeding.

D. The Order of Dismissal in Case No. 74–1118 U. S. District Court, Southern District of Florida entered under date of October 31, 1974 by the Honorable C. Clyde Atkins found and determined "that the controversy between Plaintiff and Defendant as to whether checkers, cashiers and pool attendants are within the bargaining unit and entitled to benefits under the Collective Bargaining Agreement presents an arbitrable dispute". This finding and holding is the law of the case at bar and renders the issue of arbitrability of the subject dispute res adjudicata, inasmuch as no appeal was taken therefrom and the appeal period has long expired.

E. The Arbitration Award dated August 25, 1975 which is the subject matter of this litigation found and held that ". . . the Collective Bargaining Agreement of the parties dated May 23, 1972 covers and includes employees of the Fontainebleau Hotel . . . classified as checkers, cashiers and beach boys as bargaining unit members whom the Union represents . . ."; and there has been no showing by sufficient credible evidence to establish or prove a clear abuse of authority

by the Arbitrator in rendering or reaching such a holding. The United States Supreme Court has made it very clear that Labor Arbitration is a vital component of the Federal Labor Law:

" '(T)he grievance machinery under a collective bargaining agreement is at the very heart of the system of industrial self-government.' *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). National policy favors the settlement of labor disputes arising out of collective bargaining agreements through the utilization of grievance machinery established by the parties to the agreement. This policy is served only when the method of settlement chosen by the parties is given full play. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 566, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). Thus a court reviewing an arbitration award rendered pursuant to a collective bargaining agreement may not review the merits of the award; for to do so would undermine our national policy. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)." *Teamsters Local 25 v. Penn Transportation Corp.*, 359 F.Supp. 344, 347, 348 (D.Mass.1973).

F. It is within a Court's discretion to uphold a late award if no objection to delay has been made prior to the rendition of the Award or there is no showing that actual harm to the losing party was caused by the delay. *West Rock Lodge No. 2120, I. A. M. and A. W. v. Geometric Tool Co.*, 406 F.2d 284 (2d Cir. 1968); *Lodge 725, I. A. M. v. Mooney Aircraft, Inc.*, 410 F.2d 681 (5th Cir. 1969); *Local # 560, Int. Bro. of Team. v. Anchor Motor Frgt., Inc.*, 415 F.2d 220 (3d Cir. 1969).

G. As a matter of law Defendant has failed to prove or establish by sufficient credible evidence either bias, partiality or any other statutory grounds set forth in 9 U.S.C., Section 10 and/or F.S.A. 682.12 wherein and whereby the Award of the

86

Arbitrator dated August 25, 1975 should be vacated.

H. Defendant has failed to prove or establish any ground or basis as a matter of law to support Defendant's requests for relief asserted in Defendant's Counterclaim.

It is thereupon—

ORDERED AND ADJUDGED as follows:

(1) That the Arbitration Award of August 25, 1975 issued by Arbitrator Turkus in the dispute over checkers, cashiers and pool attendants, is hereby confirmed in all respects;

(2) That the Defendant Fontainebleau Hotel Corp. is ordered and directed to abide by the said award in all respects;

(3) That the Defendant Fontainebleau Hotel Corp. recognize the Union as the collective bargaining representative of checkers, cashiers and pool attendants, and to include the checkers, cashiers and pool attendants as employees within the collective bargaining unit under the Collective Bargaining Agreement that it has with the Plaintiff.

(4) That the Defendant Fontainebleau Hotel Corp. grant to the employees in the classifications of checkers, cashiers and pool attendants all of the rights and benefits that are provided under the Collective Bargaining Agreement with the Plaintiff Union.

(5) The Defendant's counterclaim is hereby DISMISSED.

(6) Costs herein are assessed against the Defendant and in favor of the Plaintiff and the clerk shall assess and enter same upon the basis of affidavit submitted under the appropriate Rules of Court.