The CINCINNATI GAS & ELECTRIC COMPANY and the Dayton Power and Light Company, Plaintiffs-Appellants,

v.

BENJAMIN F. SHAW COMPANY, Defendant-Appellee.

No. 82–3038.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 4, 1983.

Decided April 27, 1983.

Douglas G. Cole, Strauss, Troy & Ruehlmann Co., William Jacobs (argued), Cincinnati, Ohio, for plaintiffs-appellants.

Glenn Whitaker, William R. Hardy, Cincinnati, Ohio, Henry C. Mabry, Walter J. Sears, III (argued), Birmingham, Ala., for defendant-appellee.

Before LIVELY and MARTIN, Circuit Judges, and HILLMAN, District Judge.*

LIVELY, Circuit Judge.

This case involves a dispute between two parties to a contract for the construction of an electrical generating plant. The question is whether this dispute is subject to arbitration provisions of the contract.

## I.

The plaintiffs, Cincinnati Gas & Electric Company and Dayton Power and Light (hereafter CG & E) contracted with the defendant, The Benjamin F. Shaw Company (hereafter Shaw) to fabricate and install piping and instrumentation for a coal burning electrical generating plant known as East Bend No. 2. The contract contained a broad arbitration clause (No. 34) which provided, in part:

> Any controversy or claim arising out of this Agreement or the refusal by either party thereto to perform the whole or any part thereof, shall be determined by arbitration . . .

The same clause contained a limitation on the mandatory arbitration provision:

> No arbitration shall, however, include any claim or any defense to any claim that in any way denies, or challenges, or is inconsistent with the validity of any provision of this Agreement.

After some correspondence in which it sought additional compensation, on July 18, 1981 Shaw served on CG & E a demand for arbitration seeking $6,000,000 for additional work, "delays, disruptions, and resultant costs" arising from the contract. An attachment to the demand stated that the original completion date of Shaw's work under the contract had been extended 13 months for reasons beyond Shaw's control, specifically, by the release to Shaw of original design information four months late and some engineering information 26 months late. The attachment listed numerous categories in which Shaw's costs had been increased due to the "resulting delays and inefficiencies."

On July 23, 1981 CG & E filed a declaratory judgment action in the district court based on diversity of citizenship. Contend-

---

* The Honorable Douglas W. Hillman, U.S. District Judge, Western District of Michigan, sitting by designation.

ing that the claim of Shaw "is inconsistent with the validity of the entire Agreement between plaintiffs and Shaw in that it seeks by quantum meruit to substitute a new contract price for that set forth in the Agreement[ ]," CG & E sought a declaration that Shaw's claim is not subject to arbitration. CG & E based its assertion of non-arbitrability on its contention that Shaw's claim is inconsistent with provisions of the contract which limit recovery for "all job overhead costs" resulting from extension of Shaw's schedule for reasons beyond its control to a maximum of $30,000 per month. The claim of $6,000,000 far exceeds $30,000 per month. It also relied upon a provision which states that dates are not guaranteed, and sought a further declaration that CG & E had no liability to Shaw on the claim. In addition the prayer of the complaint asked that Shaw be enjoined from invoking the arbitration provision of the contract.

Shaw responded to the complaint with a motion for a stay of proceedings pursuant to Section 3 of the United States Arbitration Act, 9 U.S.C. § 3[1] and for an order compelling CG & E to submit to arbitration pursuant to Section 4 of the Act, 9 U.S.C. § 4.[2] After the parties had briefed the issues the district court filed an order in which it determined that Shaw's claim is for breach of contract, that it arose out of the agreement with CG & E and that "it does not deny, challenge nor is it inconsistent with any provision of the agreement. . . ." The district court granted both of Shaw's motions. It ordered the parties to submit the dispute to arbitration and it stayed the action for five months pending determination by the arbitrator. CG & E made a motion to amend the order to show a denial of its request for an injunction and to add a certification pursuant to 28 U.S.C. § 1292(b) that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion. The district court denied the motion to amend and CG & E filed a notice of appeal.

## II.

Shaw challenges the jurisdiction of this court, contending that the order of the district court is neither a final decision appealable under 28 U.S.C. § 1291 nor an interlocutory order made appealable by any of the provisions of 28 U.S.C. § 1292. The parties have briefed this question fully and it is clear that there is a split of authority. Though the Supreme Court has ruled on the appealability of orders compelling arbitration and orders staying actions pending arbitration in cases arising under § 301 of the Labor Management Relations Act of 1947[3] and cases in admiralty,[4] it appears not to have decided the issue in a case such as the present one arising under the Arbitration Act outside a maritime setting.

If Shaw had commenced this action in the district court and sought only an order compelling arbitration pursuant to § 4, an order either granting or denying that relief would have been appealable as a final decision pursuant to 28 U.S.C. § 1291. In reality, such an order would have disposed of

---

1. Section 3 provides:

   If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

2. Section 4 provides in part:

   A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

3. *See Goodall-Sanford v. Textile Workers,* 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957).

4. *See Schoenamsgruber v. Hamburg American Line,* 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935).

the entire case even though jurisdiction was retained by the district court. *See University Life Insurance Co. v. Unimarc, Ltd.,* 699 F.2d 846 (7th Cir.1983). However, Shaw argues that since CG & E sought a declaratory judgment and other relief, the district court order was an interlocutory one made in the course of continuing litigation, and thus not appealable under § 1291. This is the rule in the Second Circuit, where an order compelling arbitration is appealable if made in an independent proceeding under § 4, but not if made in ongoing litigation. *See Chatham Shipping Co. v. Fertex Steamship Corp.,* 352 F.2d 291, 294 (2d Cir.1965); *Wilson Bros v. Textile Workers,* 224 F.2d 176 (2d Cir.), *cert. denied,* 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 745 (1955); *cf. Tradex Limited v. Holendrecht,* 550 F.2d 1337 (2d Cir.1977); *Compania Espanola de PET., S.A. v. Nereus Shipping,* 527 F.2d 966 (2d Cir.1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976). There is also support for the view that if the district court had merely stayed its own proceedings pursuant to § 3 without issuing an order compelling arbitration under § 4 the order would not have been appealable. *See New England Power Co. v. Asiatic Petroleum Corp.,* 456 F.2d 183, 188 (1st Cir.1972).

▪ Though an order which both compels arbitration and stays proceedings pending arbitration is not "final" in the strictest sense, we believe it satisfies the finality requirement of 28 U.S.C. § 1291. The Supreme Court stated in *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 310, 13 L.Ed.2d 199 (1964), ". . . a decision 'final' within the meaning of § 1291 does not necessarily mean the last order possible to be made in a case." (Citation omitted). The purpose of the suit filed by CG & E was to avoid arbitration of its dispute with Shaw. The order of the district court disposed of the question of arbitrability and nothing remained of this issue in the district court. We agree with the courts which have held that an order of a court which both compels arbitration pursuant to § 4 and stays its own proceedings pending arbitration pursuant to § 3 of the Arbitration Act is appealable under 28 U.S.C. § 1291. *See Gavlick Construction Co. v. H.F. Campbell Co.,* 526 F.2d 777, 780–82 (3d Cir.1975); *Par Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51 (3d Cir.1980); *City of Naples v. Prepakt Concrete Co.,* 494 F.2d 511 (5th Cir.), *cert. denied,* 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974). *See also Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. ——, —— – ——, 103 S.Ct. 927, 932–36, 74 L.Ed.2d 765 (1983), where the Supreme Court held that an order staying an action commenced as a petition to compel arbitration under § 4 of the Act pending resolution of a state court action involving the identical issue of arbitrability was immediately appealable pursuant to 28 U.S.C. § 1291. Though *Cone* did not involve the precise issue presented here, it is indicative of the Court's treatment of the "final decision" requirement of § 1291.

### III.

CG & E makes two arguments on appeal. First, it contends that the district court erred by not holding a hearing on the question of arbitrability of the dispute with Shaw. In the second place, CG & E asserts that the district court incorrectly applied the law to the motions before it.

### A.

Section 4 of the Arbitration Act provides, in part:

The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

The language in § 4, "The court shall hear the parties . . ." does not require an evidentiary hearing. The first question to be decided is whether "the making of the agreement for arbitration or the failure to comply therewith" is an issue. If not, the court is required to order the parties to proceed to arbitration. The "hearing and proceedings" referred to in the next sentence of § 4 are those conducted by the arbitrator, not by the court. Only if the making of the agreement to arbitrate or the failure to perform such an agreement is in issue must the court conduct a trial.

There was no question about the refusal or failure to perform under the arbitration agreement. CG & E filed this action to avoid being required to perform. No trial was required on this issue. Nor was there any factual question about the "making" of the agreement to arbitrate. CG & E did not contend that the parties had not intended to include the arbitration clause in the construction contract. There was no question of mistake or inadvertence which might require proof of matters not shown by the contract itself. The only question of "the making of the agreement to arbitrate" in this case is whether the claim of Shaw is covered by the arbitration clause. This could be determined by examination of the language of the arbitration provision itself along with the exception language of the provisions relied upon by CG & E as excluding the Shaw claim from the obligation to arbitrate. Though CG & E complains that the district court did not have the entire contract before it, we note that the court had all of the provisions relied upon by CG & E and included as exhibits with its complaint. The district court was concerned only with the question of arbitrability and was not required to consider the substantive provisions of the contract.

There was no need for the district court to conduct an evidentiary hearing. It was only required to determine what the language used in the contract meant, a question of law. *Cf. International Union of Operating Engineers, Local Union No. 139 v. Morse,* 529 F.2d 574, 581 (7th Cir.1976).

The parties had a hearing in that their attorneys presented their arguments on the issue of arbitrability of the Shaw claim. In addition the general counsel of Shaw filed an affidavit which related a number of discussions with counsel for CG & E where the mechanics of arbitration were discussed without any hint from CG & E that it viewed Shaw's claim to be outside the provisions for arbitration. No affidavits were filed by CG & E to contravene the affidavit of Shaw. We conclude that the district court did not err in deciding the issue of arbitrability without conducting an evidentiary hearing.

### B.

In directing the parties to proceed to arbitration, Chief District Judge Carl B. Rubin considered the language requiring the arbitration of disputes and the language excluding from arbitration claims which deny, challenge or are inconsistent with the validity of any provision of the construction contract. He concluded that the claim arose out of the agreement between CG & E and Shaw and was subject to arbitration unless specifically excluded. He further determined that Shaw's claim is one for breach of contract which does not deny or challenge, nor is it inconsistent with, the validity of any provision of the underlying agreement. In reaching these conclusions the district court noted the federal policy in favor of arbitration and the duty of the courts to resolve doubts in favor of arbitration.

The Supreme Court laid down the guiding principles for determining arbitrability of disputes arising out of labor contracts in *United Steelworkers v. Warrior & Gulf Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960):

> An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted disputes. Doubts should be resolved in favor of coverage.

*Id.* at 582–83, 80 S.Ct. at 1352–53.

In the absence of an express provision excluding a particular grievance from ar-

bitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail .... *Id.* at 584–85, 80 S.Ct. at 1353–54. *See American Radiator & Standard Sanitary Corp. v. Local 7, International Brotherhood, etc.,* 358 F.2d 455, 458 (6th Cir.1966).

Lower federal courts have applied these principles to cases arising out of commercial transactions as well as those related to labor disputes. Where a commercial contract contains a broad arbitration provision covering all controversies arising under the agreement, arbitration is ordered unless the person seeking to avoid it can show that the particular dispute is expressly excluded. This court upheld the district court's finding that a party had failed to establish exclusion of a dispute "with positive assurance" in *Georgia Power Co. v. Cimarron Coal Corp.,* 526 F.2d 101, 106 (6th Cir.1975), *cert. denied,* 425 U.S. 952, 96 S.Ct. 727, 48 L.Ed.2d 195 (1976). *See also McAllister Brothers Inc. v. A & S Transportation Co.,* 621 F.2d 519, 522 (2d Cir.1980); *Bristol Farmers Market v. Arlen Realty,* 589 F.2d 1214, 1219 (3d Cir.1978); *Warren Brothers Co. v. Cardi Corp.,* 471 F.2d 1304, 1309 (1st Cir.1973).

The district court relied primarily upon *American Radiator & Standard Sanitary* and *Georgia Power* in reaching the conclusion that Shaw's claim is arbitrable. CG & E contends these decisions and *Warrior & Gulf* apply only where there is a very broad arbitration clause. This argument has no force because the arbitration clause in the present case is extremely broad: "Any controversy or claim arising out of this Agreement ... shall be determined by arbitration ...." Given such broad language, any further language which seeks to limit arbitrability must be scrutinized with care. Unless it is clear that the intent was to exclude the particular claim from the broad duty to arbitrate, a claim of exclusion must be rejected.

■ In passing on a motion to require arbitration pursuant to § 4 of the Arbitration Act, a district court must make "a threshold inquiry into whether the contract's arbitration provisions arguably cover the dispute at hand." *McAllister Brothers v. A & S Transportation Co., supra.* However, this is a limited inquiry. The court stated in *Hamilton Life Insurance Co. v. Republic National Life Insurance Co.,* 408 F.2d 606, 609 (2d Cir.1969), "a court's function in an action to compel arbitration is limited to asserting whether the party seeking arbitration is making a claim which on its face is covered by the contract." (Citations omitted). "[I]f the issues presented are on their face referrable to arbitration under the parties' agreement, the inquiry of the court is at an end." *Warren Brothers Co. v. Cardi Corporation, supra.* (Footnote omitted) (citations omitted).

■ We believe that the district court correctly applied controlling law in this case. It construed the arbitration language of the agreement and determined that the dispute came within the broad arbitration provision and that the exception relied upon by CG & E did not apply. In effect, the district court found that Shaw's claim, on its face, is referrable to arbitration. Any ambiguity in the exception language was resolved against CG & E and in favor of arbitrability. This determination is supported by the contract language, and by controlling precedent.

The district judge limited his inquiry and did not attempt to decide the merits of the dispute or otherwise intrude into the arbitrator's domain. However, one statement in his order might be construed as a factual determination related to the merits of Shaw's claim. Though the contract does provide a completion date of February 1, 1980, it also contains a statement that dates are not guaranteed. To the extent that the statement in the district court's order, "The project was finished in March 1981; thirteen months after its scheduled date of completion" might appear to be a finding of fact, it is vacated. Otherwise the order of the district court is affirmed.