BENJAMIN F. SHAW COMPANY, Plaintiff,

v.

CINCINNATI GAS & ELECTRIC et al., Defendants.

Civ. No. C-1-85-1105.

United States District Court, S.D. Ohio.

Jan. 29, 1986.

Glenn V. Whitaker, Cincinnati, Ohio, for plaintiff.

Douglas G. Cole, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on plaintiff Benjamin F. Shaw Company's Applica-

tion for Order Confirming Arbitration Award, (doc. no. 1) and defendants' Motion to Vacate the Award. (Doc. no. 5) At issue is an award of $4,901,000 to plaintiff "for all claims presented" (doc. no. 1 Exhibit C) in a dispute over construction by plaintiff for defendants of a facility known as "East Bend Station". For the reasons stated herein, the Court hereby CONFIRMS such award.

Any consideration of an arbitration award by a District Court must begin with the admonition that a Court's review of an arbitration award is limited to determining whether the award draws its essence from the agreement. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Industrial Mutual Association Inc. v. Amalgamated Workers Local 383*, 725 F.2d 406 (6th Cir.1984).

■ The Court may not review the merits of an arbitration award. *Timken Co. v. Local Union No. 1123*, 482 F.2d 1012, 1014 (6th Cir.1973). It may set aside an award for only five reasons:

> (a) Where the award was procured by corruption, fraud, or undue means. (b) Where there was evident partiality or corruption in the arbitrators, or either of them. (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any other party have been prejudiced. (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definitive award upon the subject matter submitted was not made. (e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. § 10 (1982). Defendants Cincinnati Gas & Electric Company and Dayton Power & Light Company urge as a basis for vacating the award that the sheer size of the award evidences partiality on the part of the arbitrators, and that the arbitrators exceeded their authority in several ways.

■ Size of an award alone is not a sufficient basis for finding that the arbitrators are partial toward the winner. *MSP Collaborative Developers v. Fidelity Deposit Co. of Maryland*, 596 F.2d 247 (7th Cir.1979).

■ Monetary awards will be upheld as long as such awards bear a logical relationship to the evidence or as long as there is a rational basis therefor. *Industrial Mutual Association, Inc. v. Amalgamated Workers Local 383*, 725 F.2d at 412.

■ Defendants have not identified any specific piece of evidence which would support a charge of partiality. The evidence is clear that the plaintiff received only half of the damages it sought and that defendants in accordance with the contract took an active role in selecting a panel of highly qualified arbitrators. (Doc. no. 5 at 2; doc. no. 7, exhibit A) An unfavorable decision is not in and of itself evidence of partiality.

■ To support their contention that the arbitrators exceeded their authority, defendants cite some examples. Before addressing those examples, a few observations should be made. The defense that the arbitrators exceeded their powers should be narrowly construed. *Parsons & Whittemore Overseas Co. v. Societe Generale De L'Industrie Du Papier (RAKTA)*, 508 F.2d 969, 976 (2d Cir.1974). Moreover, the Court must guard against use of this defense as a ruse to induce it to review the merits of the arbitrators' decision. *Amoco Oil Co. v. Oil, Chemical & Atomic Workers International Union*, 548 F.2d 1288, 1293 (7th Cir.1977).

■ The scope of the arbitrators' powers is defined by the arbitration clause. *Island Creek Coal Sales v. City of Gainesville*, 729 F.2d 1046, 1048 (6th Cir.1984). Arbitrators do not exceed their powers by misconstruing the contract or err in interpreting or misapplying the law. *Bernhardt v.*

*Polygraphic Co. of America,* 350 U.S. 198, 203 n. 4, 76 S.Ct. 273, 276 n. 4, 100 L.Ed. 199 (1956); *Wilko v. Swan,* 346 U.S. 427, 435–37, 74 S.Ct. 182, 186–87, 98 L.Ed. 168 (1954).

■ Something beyond mere error in interpretation or application of the law is required before there may be a vacation of an award. An award will be vacated only if it is "in manifest disregard of the law". *Anaconda Co. v. District Lodge No. 27, International Association of Machinists and Aerospace Workers, AFL–CIO,* 693 F.2d 35 (6th Cir.1982). The Court need only look to see that the relief ordered is within the remedial powers conferred by the agreement. *Island Creek Coal Sales,* 729 F.2d at 1048. Arbitrators exceed their authority only if their decision is irrational or disregards the unambiguous language of the agreement. *National Post Office v. U.S. Postal Service,* 751 F.2d 834, 840 (6th Cir.1985) (opinion by former Associate Justice Potter Stewart sitting by designation).

■ The grant of authority in this case is broad. Section 34 of the parties' contract states that "[a]ny controversy or claim arising out of this agreement or the refusal by either party thereto to perform the whole or any part thereof, shall be determined by arbitration.... No arbitration shall, however, include any claim or any defense to any claim that in any way denies, or challenges, or is inconsistent with the validity of any provision of this Agreement." (Doc. no. 5, exhibit 1).

An award of monetary damages for breach of the parties' construction agreement is well within the language of the arbitration clause and consonant with the essence of agreement. The award is less than half the amount requested, and is not unusual in a case for breach of a $13,-000,000 contract. (Doc. no. 5, exhibit B at 3) The arbitration panel considered approximately 1450 exhibits over the course of 42 days of hearings generating 11,000 pages of transcript. (Doc. no. 12 at 4, doc. no. 15 at 7, doc. no. 13) Their efforts and the resulting award give every indication of rationality.

■ It is not the function of a District Court to reconsider an arbitration matter *de novo.* "Regardless of what our view might be of the correctness of [the arbitrator's] contractual interpretation, the company and the union bargained for that interpretation. A federal court may not second guess it." *W.R. Grace & Co. v. Rubber Workers,* 461 U.S. 757, 765, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983).

■ With the foregoing background in mind, the specific assertions of plaintiff may be examined. Plaintiff first alleges that a portion of the award is designated as attributable to the claims of Southern Instruments, Inc. (SICO). SICO was a subcontractor hired by plaintiff to install the instrumentation associated with the piping system. (Doc. no. 5, exhibits B, K) SICO had no contractual relationship with the defendants. Because of this lack of privity, defendants argue that any award by the panel to SICO would be beyond the scope of the authority granted to the panel by the arbitration clause entered into by plaintiff and defendants. (Doc. no. 5, exhibit 1)

Plaintiff's right to bring SICO's claim as an element of its claim against defendants depends upon the contractual relationships among the parties and the evidence adduced during the arbitration hearings. *See, e.g., City of Meridian v. Algernon Blair, Inc.,* 721 F.2d 525 (5th Cir.1983). Defendants sought to dismiss the SICO claim in a motion presented to the arbitration panel. "Any ultimate recovery by SICO must stem from its entitlement to damages from Shaw and Shaw's entitlement to recover those damages from C.G. & E. Shaw must show that, in performing the work at East Bend, it became liable to SICO under the subcontract for damages for which it may seek compensation from C.G. & E. Additionally, Shaw must show that it remains liable to SICO for these damages or that it has paid such damages to SICO." (Doc. no. 5, exhibit A at 2)

Defendants' second assertion of the panel exceeding its power is based on section (4)B of the construction contract between

the plaintiff and defendants. (Doc. no. 5, exhibit B) That section entitles the plaintiff to a maximum of $30,000 per month for overhead costs resulting from delays caused by reasons beyond its control. Defendants assert that section (4)B entitles plaintiff to only $317,420 for overhead losses. At arbitration, plaintiff claimed $647,420. Defendants argued that the sheer size of plaintiff's total award indicates that it received the higher figure and that such an award would be in excess of the panel's power.

The foregoing examples involve mixed questions of law and fact. In a recent case the United States Court of Appeals for the Sixth Circuit has indicated the basis upon which mixed questions of law and fact should be considered by a reviewing court. "If an arbitration award represents a plausible interpretation of the contract based on essentially factual determinations within the context of the collective bargaining agreement, judicial inquiry should cease and the award should be enforced. This remains so notwithstanding any error in the legal conclusions based essentially upon record supported factual findings absent a manifest disregard of the law in situations involving a mixed fact law determination." *Aftra v. Storer Broadcasting Co.*, 745 F.2d 392, 398 (6th Cir.1984).

■■■ Defendants' position is pure speculation. The panel has not itemized its award, and there is no way to tell which portion of it is attributable to overhead. A panel is not required to itemize its award.[1] *Bernhardt*, 350 U.S. at 203, 76 S.Ct. at 276; *Wilko*, 346 U.S. at 436, 74 S.Ct. at 187. An award under section (4)B requires an interpretation of the contract and an application of the interpretation to certain factual determinations. These decisions are well within the powers of the panel and are unreviewable by the courts.

■■■ Defendants' third assertion that the panel exceeded its authority deals with the applicability of a Project Agreement to plaintiff through its construction contract. This involves a classic question of contract interpretation and an arbitration panel does not exceed its authority by misinterpreting the contract.

Where, as here, the arbitration panel has not disregarded the clear and unambigous language of the agreement, its interpretation of the contract must be deferred to. *Exquisito Services, Inc. v. Bartenders, Motel, Hotel and Restaurant Workers Local 222*, 579 F.Supp. 873 (S.D.Ohio 1984). "If a party voluntarily and unreservedly submits an issue to arbitration, he cannot later argue that the arbitration had no authority to resolve it." *Jones Dairy Farm v. Local No. P–1236, United Food and Commercial Workers International Union, AFL–CIO*, 760 F.2d 173, 175 (7th Cir. 1985); *see also Anaconda Co. v. District Lodge No. 27 of the International Association of Machinists and Aerospace Workers*, 693 F.2d 35, 37 (6th Cir.1982).

■■■ Defendants' fourth assertion involves a shop disruption claim presented by plaintiff at the hearing. Defendants argue that they did not get notice of the claim as required by the arbitration clause. Sufficiency of notice is a mixed question of law and fact having nothing to do with the extent of the panel's power.

■■■ Finally, defendants assert that the award includes prejudgment interest in violation of Ohio law. Defendants' assertion cannot be confirmed since the lump sum award did not specify prejudgment interest. The total award bears a rational relationship to the evidence presented. This is the limit of a reviewing courts authority.

■■■ Defendants have failed to establish any of the grounds for vacating an award that are listed in 9 U.S.C. § 10. Defendants in fact seek a review of the merits of the arbitrators' decision. Such a review is beyond the power of this Court. "The purpose of arbitration is to permit a relatively quick and inexpensive resolution of con-

---

1. There must be a rational basis for the award. If the award is ambiguous, a court can remand to the arbitrator for clarification. *Industrial*

*Mutual Association, Inc. v. Amalgamated Workers Local 383*, 725 F.2d at 412 n. 3.

tractual disputes by avoiding the expense and delay of extended court proceedings." *Island Creek Coal Sales Co. v. City of Gainesville,* 764 F.2d 437, 441 (6th Cir. 1985) *cert. denied,* — U.S. —, 106 S.Ct. 346, 88 L.Ed.2d 293 (1985) (*quoting Diapulse Corp. of America v. Carba, Ltd.,* 626 F.2d 1108, 1110 (2d Cir.1980)). It is the arbitrators' judgment and decision the parties bargain for, not the court's. *See National Post Office v. United States Postal Service,* 751 F.2d 834, 840 (6th Cir.1985). "[F]or an unsuccessful party to force a successful adversary to resort to the federal courts for confirmation and/or interpretation of an extended contract arbitration award, in the event of objections to every detail thereof, would render a reasonable arbitration award ineffectual." 764 F.2d at 441. Plaintiff first demanded arbitration on July 18, 1981. *Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.,* 706 F.2d 155, 156 (6th Cir.1983). This matter was appealed to United States District Court on June ___, 1985. It is now time that this dispute be resolved.

The arbitration award in this matter is confirmed and judgment shall issue upon it in accordance with the provisions of 9 U.S.C. § 13.

IT IS SO ORDERED.