Daniel V. GREEN, Plaintiff,

v.

AMERITECH CORP. and Ameritech
Service, Inc., Defendants.

Civil Action No. 93–40535.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 6, 1998.

Timothy G. Hagan, Rudy J. Huizenga,
Donnelly, Huizenga, Detroit, MI, for Daniel

V. Green, Rhoda A. Giebel, Ruth A. Boyd, Linda L. Vincenti.

Noel D. Massie, Dickinson, Wright, Bloomfield Hills, MI, Donald A. Van Suilichem, Van Suilichem & Associates, Troy, MI, Thomas G. Keinbaum, Keinbaum, Opperwall, Birmingham, MI, for Ameritech Services, Inc.

Donald A. Van Suilichem, Van Suilichem & Associates, Troy, MI, for Michigan Bell Telephone Co.

## MEMORANDUM OPINION AND ORDER VACATING THE ARBITRATOR'S MAY 7, 1998 OPINION

GADOLA, District Judge.

Presently before this court is an appeal by the plaintiff, Daniel V. Green, of an arbitration opinion issued May 7, 1998 by George A. Googasian. For the reasons set forth below, this court will vacate that opinion and remand the matter for new arbitration proceedings.

### FACTS

In 1993, after being terminated from their jobs, Daniel V. Green, Rhoda A. Giebel, Ruth A. Boyd and Linda L. Vinceti originated this action in Wayne County Circuit Court against Ameritech Corporation and Ameritech Services, Inc. (collectively "Ameritech") On September 7, 1993, the action was removed to this court and assigned to the Honorable Avern Cohn.

In approximately June, 1996, the parties agreed to resolve the dispute through "private, final and binding arbitration." An Arbitration Agreement was executed and the parties' selected George A. Googasian as an arbitrator. In light of the parties' agreement to submit the dispute to binding arbitration, Judge Cohn dismissed the action with prejudice on July 25, 1996.

The arbitration hearing was conducted on January 6–10, January 28–31 and February 4–5, 1997. Before and during the first days of the hearing, plaintiffs Giebel, Boyd and Vinceti settled their claims. Plaintiff Green, however, could not reach a settlement with defendants and arbitration proceeded on Green's claims of age and race discrimination and retaliation under the Elliott–Larsen Civil Rights Act, M.C.L.A. § 37.2101 *et seq.*

According to the Arbitration Agreement, the arbitrator was to issue a decision "within twenty-one (21) days from the date set for filing of post-arbitration briefs (if such briefs are filed) or within twenty-one (21) days from the last day of testimony." Moreover, the award was to be "accompanied by an opinion which explains the arbitrator's decision with respect to each theory advanced by [the][p]laintiff."

The final post-arbitration briefs were filed on May 5, 1996, and thus the arbitrator's decision was due no later than May 26, 1996. On May 20, 1996, six days prior to the deadline for the filing of the arbitrator's decision, the arbitrator sent a letter to counsel for Green and Ameritech requesting "the opportunity to discuss the matter with each counsel privately before mov[ing] forward." In July, 1997, the arbitrator met with Green and his counsel twice. At these meetings, the arbitrator indicated that he was having a difficult time finding discrimination and recommended that the possibility of settlement be explored. Green stated that he would not be opposed to considering a settlement offer by Ameritech, and the arbitrator promised to discuss settlement with Ameritech. The arbitrator further instructed Green not to contact the defendants to discuss settlement.

In August, September and October, 1997, Green's attorney called the arbitrator to inquire about the status of the case. The arbitrator did not return these phone calls until November, 1997, at which time the arbitrator told Green's counsel that unless a settlement was obtained within two weeks, an opinion would be issued on the arbitration.

After speaking with Green's attorney, the arbitrator approached defendants about the possibility of settlement. Defendants balked at the idea of settlement on the grounds that it was too late. Defendants position was that plaintiff should have settled prior to the lengthy arbitration proceedings.

On January 14 and 21, 1998 as well as on February 10, 1998, Green's attorney wrote the arbitrator to inquire about the expected date of the decision. On May 1, 1998, having

received no response and no decision, plaintiff filed a motion before Judge Cohn to remove the arbitrator. Subsequent to the filing of that motion, Judge Cohn recused himself and the case was reassigned to this court.[1]

On May 7, 1998, Green's motion to remove the arbitrator became moot when the arbitrator issued an opinion. The arbitrator found that plaintiff had not met his burden of proof on his three Elliott–Larsen Civil Rights Act claims. Subsequent to the plaintiff's receipt of the arbitrator's decision, plaintiff filed this instant appeal of the same.

## ANALYSIS

### The Federal Arbitration Act

■ Green is presently before this court petitioning for vacatur of Arbitrator Googasian's May 7, 1998 opinion. A court's power to vacate an arbitration award is almost exclusively confined to the four grounds specified in Section 10(a) of the Federal Arbitration Act, 9 U.S.C. § 10(a). That Section provides that the United States District Court for the district in which an arbitration award was made:

> may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) Where the award was procured by corruption, fraud, or undue means,
>
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
>
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award

upon the subject matter submitted was not made.

*NCR Corp. v. Sac–Co, Inc.*, 43 F.3d 1076, 1079 (6th Cir.1995). "Additionally, a court may vacate an award if the conduct of the arbitrator constitutes 'manifest disregard' of applicable law." *Id.*

■ There is a strong policy in favor of upholding arbitration awards. *Federated Department Stores, Inc. v. J.V.B. Industries, Inc.*, 894 F.2d 862, 866 (6th Cir.1990) (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). As such, the defense that the arbitrators exceeded their powers should be narrowly construed. *Benjamin F. Shaw Co. v. Cincinnati Gas & Elec.*, 633 F.Supp. 841 (S.D.Ohio 1986).

### Whether the Arbitrator's Opinion Should Be Vacated Because It Was Untimely

■ Plaintiff first argues that the arbitrator's award should be vacated under 9 U.S.C. § 10(a)(3) due to misbehavior engaged in by the arbitrator. Specifically, plaintiff complains of Arbitrator Googasian's dilatoriness in rendering his decision. The Arbitration Agreement requires the arbitrator to issue an "award within twenty-one (21) days from the date set for filing of post-arbitration briefs." Arbitrator Googasian issued his opinion approximately one-year after this deadline.

Defendant contends that plaintiff waived his right to object to the timeliness, or rather untimeliness, of the arbitrator's decision. This court agrees.

■ "In order to preserve one's rights, it is essential to protest against continuance of the arbitration proceedings after the stipulated time has elapsed." *Laminoirs–Trefileries–Cableries v. Southwire Co.*, 484 F.Supp. 1063, 1066 (N.D.Ga.1980). In the case *sub judice*, plaintiff did not object to Arbitrator Googasian's deciding the matter after the stipulated time elapsed. Indeed,

---

**1.** After plaintiff filed the motion to remove the arbitrator, Judge Cohn informed plaintiff's counsel that he would honor a request for recusal if Green intended to attack the integrity of the arbitrator, George Googasian, as Googasian had

long represented Judge Cohn in connection with a certain real estate matter. Green ultimately made a request for Judge Cohn's recusal, that request was granted and the case was reassigned to this court.

for approximately one year after the agreed upon deadline, plaintiff "cajoled" and "prodded" Arbitrator Googasian to make a decision. *See e.g.*, Plaintiff's February 26, 1998 letter wherein he expressly *encouraged* the arbitrator to make a decision.

■ Assuming arguendo that plaintiff had not waived his right to object to the untimeliness of the arbitrator's decision, this court nevertheless finds the untimeliness objection unavailing because plaintiff has not demonstrated any prejudice from the arbitrator's late filing of his decision. *McMahon v. RMS Electronics, Inc.*, 695 F.Supp. 1557, 1559 (S.D.N.Y.1988) (court may confirm a late arbitration award if there is no prejudice to the losing party caused by the delay); *Hotel, Motel, Restaurant and Hi–Rise Employees and Bartenders Union, Local 355 v. Fontainebleau Hotel Corp.*, 423 F.Supp. 83 (S.D.Fla.1976) (holding that a court could uphold a late award if there is no showing of actual harm to the losing party caused by the delay); *Barker v. Govt. Employees Ins. Co.*, 339 F.Supp. 1064, 1067 (D.D.C.1972) (court rejected a challenge based upon the arbitrator's failure to render the award within 30 days of the close of the hearing as required by the Rules governing arbitration in part because the respondent was not prejudiced by the delay). The only prejudice plaintiff claims to have suffered from the arbitrator's late decision is a delayed receipt of "bad news." Plaintiff states in his brief, "By not issuing an award in a timely fashion the Arbitrator prejudiced the Plaintiff, who was hoping to receive money." This type of prejudice, that is to say, losing the case later, rather than sooner, does not justify the setting aside of an arbitration award.[2]

### The Adequacy of the Arbitrator's Decision

■ Plaintiff also argues that the award should be vacated under 9 U.S.C. § 10(a)(3)

because the arbitrator exceeded his authority by not explaining his decision with respect to each theory advanced by the plaintiff as required by the Arbitration Agreement. The plaintiff advanced three theories at arbitration: age discrimination, race discrimination and retaliation. The arbitrator, after an arbitration proceeding which took place over 9 days, in which post-arbitration briefs exceeding 50 pages were filed, found in favor of the defendants, stating only that plaintiff "has not met his burden of proof" on each of these three claims.

It is well-settled that the agreement of arbitration entered into between the parties sets the parameters of the arbitrator's authority and the arbitrator exceeds his authority when he fails to comply with the terms of the agreement. *Western Employers Ins. Co. v. Jefferies & Co.*, 958 F.2d 258 (9th Cir. 1992). In this instance, the arbitrator did not adhere to the Arbitration Agreement, and specifically Paragraph 10 which requires that the award "be accompanied by an opinion which explains the arbitrator's decision with respect to each theory advanced by each plaintiff." The plain meaning of the term "explain" is to "make manifest, present in detail" or to "give the meaning of or significance of, provide an understanding of." *Webster's Third International Dictionary* 801 (1985). Here, the arbitrator did not *"explain"* his decision with respect to each one of plaintiff's theories, as the term "explain" is commonly understood. Rather, the arbitrator merely *announced* his decision with respect to each one of plaintiff's theories. The arbitrator's opinion is totally conclusory and insufficient according to the terms of the Arbitration Agreement. Since the arbitrator did not perform in accordance with the Arbitration Agreement, he exceeded his authority under the Agreement and his award should be vacated under 9 U.S.C. § 10(a)(3).

---

**2.** Plaintiff also claims that the arbitrator was biased against him. Plaintiff asserts that the arbitrator issued a decision in favor of Ameritech after the plaintiff filed a motion to remove the arbitrator. This court does not find any evidence of bias against the plaintiff. While it is true that the arbitrator ultimately ruled against the plaintiff after the plaintiff filed his motion to remove the arbitrator, it is also true that the arbitrator

indicated to the plaintiff as early as July, 1997, well in advance of the time plaintiff filed his motion to remove the arbitrator, that he was having a difficult time finding merit in plaintiff's claims. In fact, it seems to this court that if the arbitrator was biased at all, he was biased in favor of the plaintiff. The arbitrator took the unusual step of attempting to obtain a settlement for the plaintiff after the arbitration proceedings.

■ This case is similar to *Western Employers Ins. Co. v. Jefferies & Co., Inc.*, 958 F.2d 258 (9th Cir.1992). In *Western Employers*, the parties' arbitration agreement required the arbitrators to accompany any award with a statement of their findings of fact and conclusions of law. In contravention of the agreement, the arbitration panel did not issue any findings of fact or conclusions of law but instead issued a bare award in favor of Jefferies. The Ninth Circuit vacated the award on the ground that the arbitrator's had "exceeded their powers" under 9 U.S.C. § 10(a)(4).[3]

### The Remedy

■ Defendants contend that in lieu of vacating the arbitration award, this court should remand the matter to Arbitrator Googasian for further fact-finding. The defendant asserts that "it would promote justice and overriding federal policy favoring arbitration to allow the Arbitrator to provide [an] explanation (within 21 days) instead of invalidating weeks of effort by all parties and the Arbitrator." This court does not find such a course of action appropriate. Remand is available when an arbitration award is "ambiguous." *Industrial Mut. Ass'n, Inc. v. Amalgamated Workers, Local 383*, 725 F.2d 406, 412, n. 3 (6th Cir.1984); *Cleveland Paper Handlers & Sheet Straighteners Union No. 11 v. E.W. Scripps Co.*, 681 F.2d 457, 460 (6th Cir.1982) (per curiam). Arbitrator Googasian's award is not ambiguous. The arbitrator unequivocally decided that plaintiff was not entitled to any relief.

If remand were an option, which it is not, this court would be reluctant to remand the matter to the arbitrator. Given the arbitrator's previous track record with this matter, this court questions Arbitrator Googasian's ability to issue findings of fact expeditiously upon remand. Arbitrator Googasian was extremely dilatory in rendering his decision. He dragged his feet, so to speak, in bringing this matter to a resolution. Presumably, what prompted the arbitrator to ultimately issue his opinion was plaintiff's motion to remove him. It is conceivable that the parties would still be awaiting an opinion if plaintiff had not filed that motion. This court finds that the most sensible course of action under the circumstances is to vacate the award and remand for a new arbitration proceeding with an arbitrator who is attentive to the terms of the parties' agreement. *See Montes v. Shearson Lehman Bros.*, 128 F.3d 1456 (11th Cir.1997) (vacating and remanding for referral to a new arbitration panel); *Teamsters Local 312 v. Matlack, Inc.*, 118 F.3d 985, 996 (3rd Cir.1997) (vacating the substantive portion of the award and remanding remainder of proceedings to another arbitrator). *But see In the Matter of the Arbitration Between Midland Metals Corp v. Cables de Communicaciones, S.A.*, 1995 WL 3485 at *2 (S.D.N.Y.1985) (remanding matter to arbitrator to make findings of fact as required by the parties' agreement).[4]

### Whether Plaintiff Must Return Consideration

■ In exchange for his agreement to dismiss the case with prejudice and resolve his claims through "private, final and binding arbitration," plaintiff received a specified minimum amount from the defendants. Defendants argue that if this court returns the parties to the status quo ante, plaintiff should return the consideration.

In support of their position, defendants cite *Stefanac v. Cranbrook Educational Comm.*, 435 Mich. 155, 163–67, 458 N.W.2d 56 (1990); *Leahan v. Stroh Brewery Co.*, 420 Mich. 108, 359 N.W.2d 524 (1984). In these

---

3. This court is aware that in the absence of an express provision requiring the arbitrator to explain the reasoning for his award, the arbitrator need not do so. *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250 (7th Cir.1994); *Antwine v. Prudential Bache Securities*, 899 F.2d 410, 412 (5th Cir.1990); *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1215 (2d Cir.1972). Courts reason that requiring an explanation when one is not expressly required would run contrary to the purpose of arbitration, which is to provide a quick, efficient and informal means of private dispute settlement. *Sobel*, 469 F.2d at 1214.

4. Also, this court finds curious the arbitrator's assertion in the cover letter accompanying the opinion that he "prepared" his opinion in May, 1997. When plaintiff and his counsel met with the arbitrator in July, 1997, the arbitrator apparently indicated that he had not yet made a decision in this case.

cases, it was held that when plaintiff signs a release and is given consideration for such an agreement, plaintiff must return this consideration if he subsequently chooses to pursue claims given up in the release. This case is markedly different from *Stefanac* and *Leahan*. Plaintiff was given consideration for his agreement to submit this case to arbitration. Plaintiff is not now protesting arbitration. Indeed, he is merely insisting on an arbitration proceeding as provided for under the Arbitration Agreement. No consideration need be returned to the defendants.[5]

For the reasons set forth above, this court will vacate the arbitration award pursuant to 9 U.S.C. § 10(a)(3) on the grounds that the arbitrator exceeded his authority, and will remand the matter to a new arbitrator selected by the parties.

### ORDER

**IT IS HEREBY ORDERED** that plaintiff's motion to remove the arbitrator is MOOT.

**IT IS FURTHER ORDERED** that plaintiff's appeal of the arbitration award is GRANTED and the arbitrator's May 7, 1998 opinion is VACATED pursuant to 9 U.S.C. § 10(a)(3).

**IT IS FURTHER ORDERED** that the parties select a new arbitrator no later than August 28, 1998. If the parties do not agree on an arbitrator by August 28, 1998, they should contact the court on that date to seek the court's assistance in selecting an arbitrator.

**SO ORDERED.**

---

5. Other arguments advanced by plaintiff in his     appeal will not be addressed.