**BIG RIVERS ELECTRIC CORPORATION,**
Plaintiff,

v.

**MUNICIPAL ENERGY AGENCY OF MISSISSIPPI, Defendant.**

Civ. A. No. 86–0065–0(J).

United States District Court, W.D. Kentucky, Owensboro Division.

June 18, 1986.

Morton Holbrook, Lizbeth Ann Tully, Allen Holbrook, Holbrook, Gary, Wible & Sullivan, P.S.C., Owensboro, Ky., for plaintiff.

William D. Grubbs, Peter N. Tassie, Woodward, Hobson & Fulton, Louisville, Ky., Jack W. Brand, Sullivan, Hunt, Spell & Henson, Clarksdale, Miss., for defendant.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

In this action Big Rivers Electric Corporation (Big Rivers) seeks to compel the Municipal Energy Agency of Mississippi (MEAM) to arbitrate a contractual dispute pursuant to Title 9, U.S.C., Section 4, in compliance with Article VI, Section 4, of a Power Supply Agreement executed between them. This court has jurisdiction under Title 28, U.S.C., Section 1332.

The matter is before this court on the following:

1. MEAM's motion to dismiss because the action previously filed in Mississippi involves identical parties and issues, or in the alternative to stay proceedings pending resolution of the Mississippi action;

2. MEAM's motion for an evidentiary hearing to determine the validity of the arbitration agreement; and

3. Big Rivers petition to compel arbitration.

An expedited hearing on the motion to compel was conducted on June 11, 1986 at Louisville, Kentucky. The court heard arguments of counsel and accepted affidavits in support of MEAM's motions.

A short time before this suit was filed, MEAM instituted an action against Big Rivers seeking a declaration of rights under the same contract in the United States District Court for the Northern District of Mississippi. *Municipal Energy Agency of Mississippi v. Big Rivers Electric Corpo-*

*ration,* Civil Action No. GC86–117–NB–O. For reasons unknown to the court and not disclosed by the record, neither party sought arbitration in the Mississippi court.

In support of its motion to dismiss or in the alternative to stay this Kentucky action, MEAM argues that this action is a compulsory counterclaim to its suit against Big Rivers in Mississippi. It claims the Mississippi court has primary jurisdiction over the controversy and the parties. It urges the court to dismiss or stay this action in the interest of comity, judicial economy, and to avoid multiplicity of suits.

Big Rivers argues that the issue of compulsory arbitration was not before the Mississippi court, and that it lacks primary jurisdiction over the arbitration matter. It claims that because neither party sought arbitration in the Mississippi court under Title 9, U.S.C., Section 4, the issue must be litigated "within the district in which the petition for an order directing such arbitration is filed."

Prior to the expedited hearing in this court, Judge Neal B. Biggers, Jr. entered an order staying the action in the Mississippi court pending arbitration and denying MEAM's motion to enjoin Big Rivers from proceeding in this Kentucky action. The rationale for his ruling as set out in his order was as follows:

Upon due consideration of plaintiff's motion for leave to submit affidavits and a supplemental brief in response to defendant's motion to dismiss or, in the alternative, to stay, the court finds that plaintiff's motion is not well taken and should be denied.

Accordingly, defendant's motion is properly before the court at this time. The court notes that the ultimate issue as to whether the parties' contract terminated by its terms is not raised by defendant's motion. In passing upon defendant's motion for a stay pursuant to 9 U.S.C. Section 4, the Federal Arbitration Act, the court's sole function is to determine whether the issue of contract termination is referable to arbitration. *City of Meridian v. Algernon Blair, Inc.,* 721

F.2d 525, 528 (5th Cir.1983). *See Southeastern Enameling Corp. v. General Bronze Corp.,* 434 F.2d 330, 334 (5th Cir.1970). Upon due consideration, the court finds that the issue of contract termination falls within the scope of the arbitration clause of the parties' contract, and is, thus, referable to arbitration. The court finds that defendant's motion to stay this action pending arbitration is well taken and should be granted.

In light of the court's decision to stay this action, the court finds that plaintiff's motion to enjoin defendant from proceeding with its Petition to Compel Arbitration in Civil Action 86–0065–0(M) in the United States District Court for the Western District of Kentucky at Owensboro is not well taken and should be denied. However, the court has duly considered the above-mentioned motions in response to plaintiff's alternative motion for an expedited hearing on the pending motions. . . .

We expressly adopt these findings of Judge Biggers.

The dispute falls within the scope of Article VI, Section 4, of the Power Supply Agreement, which provides:

To the extent permitted by law applicable to MEAM and in force and effect at the time there arises any controversy, claim, counterclaim, defense, dispute, difference or misunderstanding arising out of or relating to this agreement or breach thereof, such controversy, claim, counterclaim, defense, dispute, difference or misunderstanding shall be settled by arbitration to be conducted in accordance with the following procedure. MEAM shall select one arbitrator, Big Rivers shall select one arbitrator, and the two arbitrators appointed by MEAM and Big Rivers respectively shall select a third arbitrator. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association then in effect, and judgment upon any award rendered by the arbitrators may, if permitted by law, be entered in any

court having jurisdiction thereof. This provision shall survive the termination of this agreement. The parties expressly agree that this provision shall constitute a condition precedent to the institution of any proceedings in any court relating to the subject matter thereof.

The Federal Arbitration Act establishes the right to arbitrate without exception. Title 9, U.S.C., Section 4 provides:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

In keeping with the foregoing authority and the ruling of Judge Biggers, this court shall retain its jurisdiction and proceed with the adjudication of other issues.

■■■ The court has considered the motion for an evidentiary hearing on the issue of arbitrability, which is supported by affidavits. This matter can be decided on the record. The parties admit that arbitration has been refused. Here there is no question about the refusal to perform under the arbitration agreement, nor is there any factual question concerning the making of the contract. The court is only required to determine what the language used in the contract meant. *Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155 (6th Cir.1983); *Georgia Power Company v. Cimarron Coal Corporation*, 526 F.2d 101, 106 (6th Cir.1975). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is trouble with the contract language itself or an allegation of waiver, delay or a like defense to arbitrability. *Moses H. Cone Memorial Hosp. v. Mercury Const.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Considering the plain language of the con-

tract, the court finds, as did the Mississippi court, that the issue of contract termination is arbitrable as a matter of law. This conclusion is consistent with federal policy favoring arbitration.

An appropriate order is this day entered.