George Dunbar **PREWITT, Jr., Plaintiff,**

v.

**Mike MOORE, Attorney General; Dick Molpus, Secretary of State; Kirk Fordice, Governor, in Their Official Capacities, Including Their Positions as Members of the Mississippi State Board of Election Commissioners, and John Pearson, Defendants.**

No. 4:92CV296–D–O.

United States District Court,
N.D. Mississippi,
Greenville Division.

Nov. 2, 1993.

George Dunbar Prewitt, Jr., Greenville, MS, for plaintiff.

Mary M. Bowers, Mississippi Atty. General's Office, Jackson, MS, for defendants.

Before E. GRADY JOLLY, C.J., and DAVIDSON and BIGGERS, JJ.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

The above styled case is before this three-judge panel on a Motion by the State Defendants to Dismiss the Section 5 claim which was filed by the plaintiff pursuant to the Voting Rights Act of 1965, as amended, codified at 42 U.S.C. § 1973 et seq. In the complaint filed by the plaintiff, Mr. Prewitt alleges that *Miss.Code Ann.* §§ 9–1–103 & 105, chapter 587, should have been submitted to the United States Department of Justice for approval as a prerequisite for the legislation to have legal effect. Section 9–1–103, which was enacted by the Mississippi Legislature in the 1989 session, allows the Governor of Mississippi to appoint qualified indi-

viduals to fill vacancies that occur for unexpired terms of office in judicial posts by reason of death of the incumbent, resignation, retirement, removal from office, etc.

### § 9–1–103. Vacancy in office.

Whenever a vacancy shall occur in any judicial office by reason of death of an incumbent, resignation or retirement of an incumbent, removal of an incumbent from office, or creation of a new judicial office in which there has not heretofore been an incumbent, the Governor shall have the authority to appoint a qualified person to fill such vacancy to serve for the unexpired term or until such vacancy is filled by election as provided in Section 23–15–849, Mississippi Code of 1972. When a vacancy shall occur for any of the reasons enumerated in this section, the clerk of the court shall notify the Governor of such vacancy immediately.

*Miss.Code Ann.* § 9–1–103 (Rev.1991).

Similarly, section 9–1–105 paves the way for judicial appointments by the Chief Justice of the Mississippi Supreme Court, with the advice and consent of a majority of the justices, to appoint special judges to serve on an emergency basis in certain situations. Specifically, section 9–1–105 refers to physical disability or sickness of a judge, absence of a judicial officer from the state, judicial disqualification under the Code of Judicial Conduct, or "for any other reason." *Miss.Code Ann.* § 9–1–105(1) (Rev.1991).

Originally, this matter came before the court upon plaintiff's complaint [1] and a concurrent motion for a temporary restraining order/preliminary injunction. The motion for a temporary restraining order was denied; however, plaintiff refiled his motion for preliminary injunction on March 22, 1993. In his motion for preliminary injunction, plaintiff sought a menu of drastic "remedies" which included an order from the court which would, in effect, halt the operation of state government in Mississippi.[2] Just prior to

---

1. Mr. Prewitt asserts that his standing in this case results from his appearance as a member of the bar before a "special judge" appointed by the Chief Justice of the Mississippi Supreme Court under authority of *Miss.Code Ann.* § 9–1–105.

2. 1. enjoin further usage of *Miss.Code Ann.* § 9–1–101 *et seq.,* which provides for the filling of judicial vacancies in state court for unexpired terms by appointment of the Governor or Chief Justice;

the time this three judge panel was convened, Judge Glen H. Davidson, the single district court judge before whom plaintiff's section 2 claim was pending,[3] issued an opinion and order denying plaintiff's second motion for preliminary injunction. Under authority of *Canal Authority of the State of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974), the court found that plaintiff had met none of the prerequisites for a preliminary injunction.[4] Since that time, the plaintiff has filed numerous, additional motions which are purportedly generic to the section 5 claim as well as his section 2 claim pending before the single judge court.[5] In due course, the court will address all pending motions. However, the State Defendants' Motion to Dismiss the section 5 claim is the focus today of this three-judge court.

> 2. an order from this court removing from judicial office all state court judges who were appointed pursuant to *Miss.Code Ann.* § 9–1–101 *et seq.*;
> 3. enjoin **any** activity by the State of Mississippi taken pursuant to the Mississippi Constitution of 1890, as any such activity would violate the Voting Rights Act of 1870;
> 4. enjoin the Mississippi Congressional Delegation from representing the State of Mississippi in the United States Congress until Mississippi is in compliance with the Voting Rights Act of 1870; and,
> 5. enjoin the March 30, 1993, special election in the Second Congressional District of Mississippi, United States House of Representatives.

3. Of course, plaintiff's section 2 claim will not be addressed by this three-judge court. That claim remains pending before the assigned district court judge, the Honorable Glen H. Davidson.

4. *Canal Authority* is the seminal case in this Circuit which defines the requirements for issuance of the extraordinary relief of a preliminary injunction as follows:
> (1) a substantial likelihood that plaintiff will prevail on the merits;
> (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;
> (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and;
> (4) that granting the preliminary injunction will not disserve the public interest.

*Canal Authority,* 489 F.2d at 572. *See also Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir.1985); *Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir.1984); *City of Meridian, Miss. v. Algernon Blair, Inc.,* 721 F.2d 525, 527 (5th Cir. 1983).

While it is undisputed that Section 5 of the Voting Rights Act applies to judicial elections,[6] it applicability is linked to certain conditions and situations brought upon by the State or its political subdivisions. Earlier in the year, this three-judge panel directed the parties to submit briefs on the issue of whether or not *Miss.Code Ann.* §§ 9–1–103 & –105, concerned a change in a voting qualification, voting prerequisite, standard, practice or procedure which resulted in a denial or abridgement of a citizen's right to vote on the basis of one's race. *See* 42 U.S.C. § 1973c.[7] At this point, the court has had the benefit of the excellent submissions filed by both parties regarding the applicability of section 5 to the legislation placed in issue by the plaintiff. Following careful study and

5. For example, on or about May 13, 1993, plaintiff filed his third motion for injunctive relief. Additionally, there is a pending motion to transfer plaintiff's cause to the Southern District of Mississippi.

6. *See Chisom v. Roemer,* 501 U.S. ——, 111 S.Ct. 2354, 115 L.Ed.2d 348 (1991).

7. Section 1973 sets forth the purposes of the Voting Rights Act of 1965, as amended:
> (a) No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in section 1973b(f)(2) of this title, as provided in subsection (b) of this section.
> (b) A violation of subsection (a) of this section is established if, based on the totality of the circumstances, it is shown that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) of this section in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representative of their choice. The extent to which members of a protected class have been elected to office in the State or political subdivision is one circumstance which may be considered: **Provided,** That nothing in this section establishes a right to have members of a protected class elected in numbers equal to their proportion in the population.

42 U.S.C. § 1973 (Supp.1992) (as amended June 29, 1982).

research, the court is of the opinion that *Miss.Code Ann.* §§ 9–1–103 & –105 implicate no change in any qualification, prerequisite, standard, practice, or procedure **with respect to voting,** different from that in force or effect on November 1, 1964. Consequently, the Motion by the State Defendant's to Dismiss the Section 5 claim is well taken, and the same will be granted by separate order to be issued this day.

Both statutes, sections 9–1–103 and 9–1–105, pertain to the filling of judicial vacancies and the appointment of special judges, respectively. The court arrives at its conclusion that neither statute concerns changes with respect to voting requiring pre-clearance with the Department of Justice by tracing the history of legislative enactments prior to November 1, 1964, to the present. First, the court examines judicial vacancies which are addressed by § 9–1–103.

*Judicial Vacancies*

Prior to 1935, Mississippi had several statutes which concerned the appointment of special judges and the filling of judicial vacancies. For example, § 3312 of the Mississippi Code governed the filling of judicial vacancies for district attorneys, chancery judges, and circuit court judges. Section 3316 addressed the filling of vacancies on the Mississippi Supreme Court. Another provision, § 1653 concerned the appointment of special judges. However, in 1935, sections 3312 and 3316 were superseded by § 3190 to the extent that sections 3312 and 3316 applied to the filling of judicial vacancies.[8] Therefore, Mississippi Code Annotated § 3190 (whose origin is found in the 1935 session laws), governed the special election process for judicial vacancies prior to November 1, 1964. In 1972, this section was recodified at Miss.Code Ann. § 23–5–247 (1972); and in 1986, recodified again at Miss. Code Ann. § 23–15–849 as part of the election code.

Beginning with the Mississippi Code of 1942, section 3190 provided as follows:

§ 3190 **Vacancies.**

Vacancies in the office of judge of the Supreme Court, or circuit judge, or chancellor, *shall be filled for the unexpired term by the qualified electors at. the next regular election for State officers or for representatives in Congress, occurring more than nine months after the existence of the vacancy to be filled,* and the term of office of the person elected to fill a vacancy shall commence on the first Monday in January following his election. *Upon the occurring of such a vacancy the Governor shall appoint a qualified person from the district in which the vacancy exists to hold the office and discharge the duties thereof until the vacancy shall be filled by election as hereinabove provided.* And at the primary election in the year in which the election shall be held to fill the said vacancy nominations shall be made therefor in the manner as nominations are made for full terms.

*Miss.Code Ann.* § 3190 (1942) (emphasis added) (source: Laws, 1935, ch. 19).

Section 3190's origin is chapter 19 of the General Laws of Mississippi, 1935. Chapter 19 provided for the filling of vacancies, created by any reason for the unexpired term, for Supreme Court Judges, Circuit Court Judges and Chancellors at the next regular election where election for state officials or Congressional representatives was to occur more than nine (9) months from the time the vacancy was created. The Governor was to appoint a qualified individual to the vacancy until such time as the position was filled at the regular election. Section 3190 was carried forward and codified in the Mississippi Code 1972 at § 23–5–247.

Section 23–5–247 provided:

(1) Vacancies in the office of judge of the supreme court, or circuit judge, or chancellor, *shall be filled for the unexpired term by the qualified electors at the next regular election for state officers or for representatives in congress, occurring more than nine months after the existence of the*

---

8. As noted above, § 3312 also addressed the filling of vacancies for district attorneys. To this extent, § 3312 remained operative in some form until 1973 when the Mississippi Code of 1972

was adopted by the Mississippi Legislature. Section 3190, enacted in 1935, did not address the filling of vacancies for district attorneys.

*vacancy to be filled,* and the term of office of the person elected to fill a vacancy shall commence on the first Monday in January following his election. *Upon the occurring of such a vacancy, the governor shall appoint a qualified person from the district in which the vacancy exists to hold the office and discharge the duties thereof until the vacancy shall be filled by election as hereinabove provided.*

(2) Elections to fill vacancies in the office of judge of the supreme court shall be held, conducted, returned, and the persons elected, commissioned in accordance with the laws governing regular elections for judges of the supreme court in so far as they may be applicable.

*Miss.Code Ann.* § 23–5–247 (emphasis added) (Repealed effective Jan. 1, 1987, by Laws, 1986, ch. 495, § 335).

The Act of Adoption of the 1972 Code, Chapter 394 of the General Laws of Mississippi, clearly states that the Mississippi Code 1972 superseded the Mississippi Code 1942. Like its predecessor codified at § 3190 of the 1942 Code, section 23–5–247 provided for the filling of vacancies in the offices of Supreme Court Judges, Circuit Court and Chancery Court Judges by election at the next regular election occurring more than nine (9) months after the vacancy and also for the appointment by the Governor to fill the vacancy until the office was filled by election. The pertinent language of 23–5–247(*l* ) is identical to that of § 3190.

In 1986, Miss.Code Ann. §§ 23–5–233 and 23–5–247 were repealed by the General Laws of 1986, Chapter 495. In the same Bill, Senate Bill 2234 was enacted which provides identical language to 23–5–247, and § 3190, and was part of the legislative creation of the Mississippi Election Code which *was* pre-cleared on January 1, 1987. This law is *now* codified at section 23–15–849 and provides as follows:

**§ 23–15–849. Elections to fill vacancies in office of judge of Supreme Court,**

**circuit judge, or chancellor, interim appointments.**

(1) Vacancies in the office of judge of the Supreme Court, or circuit judge, or chancellor, *shall be filled for the unexpired term by the qualified electors at the next regular election for state officers or for representatives in Congress occurring more than nine (9) months after the existence of the vacancy to be filled,* and the term of office of the person elected to fill a vacancy shall commence on the first Monday in January following his election. *Upon the occurring of such a vacancy, the Governor shall appoint a qualified person from the district in which the vacancy exists to hold the office and discharge the duties thereof until the vacancy shall be filled by election as hereinabove provided.*

(2) Elections to fill vacancies in the office of judge of the Supreme Court shall be held, conducted, returned and the persons elected commissioned in accordance with the law governing regular elections for judges of the Supreme Court insofar as they may be applicable.

*Miss.Code Ann.* § 23–15–849 (Rev.1990)[9] (emphasis added).

Section 9–1–103, enacted in 1989, confers upon the Governor the appointive power to fill judicial vacancies until such vacancy can be filled by election pursuant to § 23–15–849. As discussed above, this provision introduces nothing new to the statutory scheme for filling judicial vacancies from that which existed in § 3190, § 23–5–247, and § 23–15–849. Section 9–1–103 of the Mississippi Code provides as follows:

**§ 9–1–103. Vacancy in office.**

Whenever a vacancy shall occur in any judicial office by reason of death of an incumbent, resignation or retirement of an incumbent, removal of an incumbent from office, or creation of a new judicial office in which there has not heretofore been an incumbent, the Governor shall have the authority to appoint a qualified person to fill such vacancy to serve for the unexpired

9. Section 23–15–849 was amended by the 1993 Legislature to reflect the addition of the Court of Appeals. Following the amendment by the 1993 Legislature, this section was submitted to the

Department of Justice for pre-clearance. Pre-clearance was obtained on or about July 13, 1993.

term or until such vacancy is filled by election as provided in Section 23–15–849, Mississippi Code of 1972. When a vacancy shall occur for any of the reasons enumerated in this section, the clerk of the court shall notify the Governor of such vacancy immediately.

*Miss.Code Ann.* § 9–1–103 (Rev.1991).

Section 9–1–103 *did not*, as plaintiff contends, eliminate prompt special elections that were required on, and prior to, November 1, 1964. Section 3190, which provided for an election to fill judicial vacancies, did not require a prompt special election. Section 9–1–103 enables the Governor to make appointments to judicial office where a vacancy occurs due to death, resignation, retirement, etc. The appointment of a qualified individual lasts until the office is filled by election. Contrary to plaintiff's claim, section 9–1–103 did not give the Governor the option of unilaterally filling the unexpired term of a judicial vacancy by appointment until the end of the term of office,[10] **OR**, by the process in § 23–15–849. The Governor had, prior to November 1, 1964, as well as today, the appointive power under the Constitution and laws of this State to appoint a qualified individual to serve as a member of the judiciary on an interim basis. Elections are still required as they were in 1964 to hold the office of Supreme Court Judge, Chancellor or Circuit Court Judge according to the provisions of § 23–15–849. Depending upon when the vacancy occurs, the governor's appointment may fill the judicial post until the next scheduled election for that term of office. This possibility is merely reflected in the statute. By tracing the legislative path of § 3190 from 1935 to the present day version of the statute, it is obvious that there has been no change since November 1, 1964, which would implicate a change in voting, voting qualification or prerequisite to voting, or a change in standard, practice or procedure resulting in a denial or abridgement of the right to vote by any citizen. The court now examines the appointment of special judges.

*Special Judges*

Prior to November 1, 1964, § 1653 provided for the gubernatorial appointment of "special judges" by reasons of sickness or other disability.

Section 1653 provided as follows:

**§ 1653. Special judges.**

When any circuit judge, county judge or chancellor is unable by reason of sickness or other disability to attend and hold any of the courts at the time and place required by law, such judge or chancellor, or in case of his inability to do so, the clerk of the court, shall certify the facts to the governor, who shall commission some person of law knowledge to attend and hold said court and thereafter perform in term time and in vacation throughout the district all the duties of such judge or chancellor during such disability. The commission of such judge or chancellor appointed hereunder shall automatically terminate on the day when the regular judge or chancellor shall certify in writing to the clerks of the courts over which he presides the removal of the disability herein provided for, and by mailing postpaid or delivering to the special judge and the governor a true copy thereof.

In case any such judge or chancellor shall be, for any reason, disqualified to preside in any cause, and the attorneys therein cannot agree upon a member of the bar to preside in his place, it shall be the duty of the judge or chancellor to certify the facts to the governor, who shall commission some like person to attend and preside in said cause. If a judge of the Supreme Court be unable or disqualified to preside at any term of the court, or any cause, the facts shall be certified to the governor by any two of the judges of the Supreme Court and the governor shall commission a like person to preside in the cause or during the disability as the case may be. In case the appointment be for the trial of a particular case or cases, the proceedings shall be as provided in the last section; but if the appointment be for holding a term of

---

**10.** In Mississippi, the term of office for a Supreme Court Justice is eight years. Miss. Const. Art. VI, § 149. The term of office for circuit court and chancery court judges is four years. *Miss.Code Ann.* § 9–5–1 & 9–7–1 (Rev.1991).

court, the proceedings shall be as if the special judge were the regular judge of the court.

*Miss.Code Ann.* § 1653 (1942).

Furthermore, since at least 1916, the governor has had the authority to appoint temporary judges in case of disability. Article VI, Section 165, of the Mississippi Constitution provides:

> No judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties. Whenever any judge of the Supreme Court or the judge or chancellor of any district in this state shall, for any reason, be unable or disqualified to preside at any term of court, or in any case where the attorneys engaged therein shall not agree upon a member of the bar to preside in his place, the governor may commission another, or others of law knowledge, to preside at such term or during such disability or disqualification in the place of the judge or judges so disqualified.

Today, Miss.Code Ann. § 9–1–105 provides for the appointment of special judges due to disability or disqualification as did § 1653 of the 1942 Code.

Section 9–1–105 is reproduced below:

**§ 9–1–105. Physical disability or sickness; absence of judicial officer from state, etc.; appointment of special judge to serve on emergency basis.**

(1) Whenever any judicial officer is unwilling or unable to hear a case or unable to hold or attend any of the courts at the time and place required by law by reason of the physical disability or sickness of such judicial officer, by reason of the absence of such judicial officer from the state, by reason of the disqualification of such judicial officer pursuant to the provision of Section 165, Mississippi Constitution of 1890, or any provision of the Code of Judicial Conduct, or for any other reason, the Chief Justice of the Mississippi Supreme Court, with the advice and consent of a majority of the justices of the Mississippi Supreme Court, may appoint a person as a special judge to hear the case or attend and hold a court.

(2) Upon the request of the senior judge of a chancery or circuit court district, the Chief Justice of the Mississippi Supreme Court, with the advice and consent of a majority of the justices of the Mississippi Supreme Court, shall have the authority to appoint a special judge to serve on an emergency basis in a circuit or chancery court. It shall be the duty of any special judge so appointed to assist the circuit or chancery court to which he is assigned in the disposition of causes so pending in such court.

(3) When a vacancy exists for any of the reasons enumerated in Section 9–1–103, the vacancy has not been filled within seven (7) days by an appointment by the Governor, and there is a pending cause or are pending causes in the court where the vacancy exists that in the interests of justice and in the orderly dispatch of the court's business require the appointment of a special judge, the Chief Justice of the Supreme Court, with the advice and consent of a majority of the justices of the Mississippi Supreme Court, may appoint a qualified person as a special judge to fill the vacancy until the Governor makes his appointment and such appointee has taken the oath of office.

(4) If the Chief Justice pursuant to this section shall make an appointment within the authority vested in the Governor by reason of Section 165, Mississippi Constitution of 1890, the Governor may at his election appoint a person to so serve. In the event that the Governor makes such an appointment, any appointment made by the Chief Justice pursuant to this section shall be void and of no further force or effect from the date of the Governor's appointment.

(5) When a judicial officer is unwilling or unable to hear a case or unable or unwilling to hold court for a period of time not to exceed two (2) weeks, the trial judge or judges of the affected district or county and other trial judges may agree among themselves regarding the appointment of a

person for such case or such limited period of time. The trial judges shall submit a notice to the Chief Justice of the Supreme Court informing him of their appointment. If the Chief Justice does not appoint another person to serve as special judge within seven (7) days after receipt of such notice, the person designated in such order shall be deemed appointed.

(6) A person appointed to serve as a special judge may be any presently sitting or retired chancery, circuit or county court judge or Supreme Court Justice, or any other person possessing the qualifications of the judicial office for which the appointment is made; provided, however, that a judge or justice who was retired from service at the polls shall not be eligible for appointment as a special judge in the district in which he served prior to his defeat.

\* \* \* \* \* \*

*Miss.Code Ann.* § 9–1–105 (Rev.1991).[11]

Plaintiff's concern with § 9–1–105, enacted in 1989, is that for the first time, the Chief Justice of the Mississippi Supreme Court, with the consent of a majority of the justices, is conferred with appointive power to appoint special judges on an emergency basis. A plain reading of the statute reveals that the Chief Justice's appointive powers are quite limited. Namely, any appointment made by the Chief Justice is void should the Governor thereafter exercise his constitutional and statutory appointive authority. *Miss.Code Ann.* § 9–1–105(4) (Rev.1991). Even so, the authority of the Chief Justice of the Mississippi Supreme Court to make appointments, instead of the Governor, reflects nothing more than a slight shift in the appointive authority between the executive and judicial branches of government in Mississippi.[12] This limited "shift" in appointment powers is not a change, "with respect to voting," subject to section 5. In *Presley,* the Court stated:

> Neither the appellants nor the United States has pointed to anything we said there or in the statutes reenacting the Voting Rights Act to suggest that Congress meant anything other than what it said when it made § 5 applicable to changes 'with respect to voting' rather than, say, changes *'with respect to governance.'*
>
> If federalism is to operate as a practical system of governance and not a mere poetic ideal, the States must be allowed both predictability and efficiency in structuring their governments. Constant minor adjustments in the allocation of power among state and local officials serve this elemental purpose.
>
> Covered changes must bear a direct relation to voting itself. . . .

*Presley v. Etowah County Commission,* 502 U.S. ——, ——, 112 S.Ct. 820, 832, 117 L.Ed.2d 51, 68 (1992). (emphasis added).

Furthermore, section 9–1–105 does not provide for the creation of additional permanent judgeships. It allows for the appointment on an emergency basis. There has not been an increase or decrease in the number of judicial officials for whom the State's citizens may elect. Therefore, nothing affects the substance of voting power. *Presley v. Etowah County Commission,* 502 U.S. ——, ——, 112 S.Ct. 820, 828, 117 L.Ed.2d 51, 64 (1992). These "special judges" were never subject to the approval of the Mississippi electorate. There has been no change from November 1, 1964 to the present which prohibits voters from electing judges formerly subject to their approval. *Allen v. State Bd. of Elections,* 393 U.S. 544, 569, 89 S.Ct. 817, 833, 22 L.Ed.2d 1, 19 (1969); *Presley,* 502

11. Likewise, this code section was amended by the 1993 Legislature to reflect accommodation of the Court of Appeals. Following the enactment of House Bill 548, chapter 518 (1993), the State submitted this chapter to the Department of Justice, for preclearance. Preclearance was obtained from the Department of Justice on or about July 13, 1993.

12. Furthermore, the existence of a Judicial Nominating Committee to assist the Governor in selecting a qualified individual to fill vacancies does not implicate any change in a standard, practice or procedure triggering Section 5's applicability. Throughout the years, certain administrations have established Judicial Nominating Committees to assist the Governor in selecting qualified people to fill judicial vacancies (which the Governor was constitutionally and statutorily required to do). The committee's recommendations are not binding.

U.S. at ——, 112 S.Ct. at 830, 117 L.Ed.2d at 66.

> Changes which affect only the distribution of power among officials are not subject to § 5 because such changes have no direct relation to, or impact on, voting.

> \*    \*    \*    \*    \*    \*

> By requiring preclearance of changes with respect to voting, Congress did not mean to subject routine matters of governance to federal supervision. Were the rule otherwise, neither state nor local governments could exercise power in a responsible manner within a federal system.

*Presley,* 502 U.S. at ——, ——, 112 S.Ct. at 830, 831, 117 L.Ed.2d at 65, 66; *See Beer v. United States,* 425 U.S. 130, 138, 96 S.Ct. 1357, 1362, 47 L.Ed.2d 629, 638 (1976) (section 5 applies only to proposed changes in voting procedures); *Bonilla v. City Council of City of Chicago,* 809 F.Supp. 590, 597 (N.D.Ill.1992) (section 5 applies in instances having direct relation to voting and election process); *State of Texas v. United States,* 785 F.Supp. 201, 204 (D.D.C.1992) (section 5 is concerned about changes in voting procedures).

In conclusion, there has not been a change "with respect to voting" with § 9–1–103 and 9–1–105 that was different from that in effect and force on November 1, 1964. *Presley* made it clear that judicial or administrative pre-clearance under section 5 is not required where appointment of officials and not the election of officials is at issue. The voters in Mississippi still elect Supreme Court, Circuit Court and Chancery Court Judges just as they did prior to November 1, 1964. Appointments on a temporary basis are still made in instances of disqualification. Miss. Code Ann. § 9–1–101 et seq. does not prohibit Mississippi voters from electing judges formerly subject to their approval. The introduction of §§ 9–1–103 and 9–1–105 in the 1989 legislative session has no nexus with the import of section 5—which is to prohibit changes in voting procedures which have the effect of diluting or abridging the right to vote on the basis of one's race. *Beer v. United States,* 425 U.S. 130, 141, 96 S.Ct. 1357, 1363, 47 L.Ed.2d 629, 632 (1976). Con-

sequently, the section 5 claim will be dismissed.