**HOSPITALITY CORPORATION OF MISSISSIPPI, INC., Plaintiff.**

v.

**CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn, Defendant.**

**No. CIV.A.3:99CV559LN.**

United States District Court,
S.D. Mississippi, 
Jackson Division.

Nov. 12, 1999.

Brent S. Miller, Stewart & Ratcliff, Madison, MS, for Plaintiff.

William N. Reed, Philip Williams Thomas, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Choice Hotels International, Inc. d/b/a Comfort Inn (Choice) to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or for lack of subject matter jurisdiction. In the alternative, defendant requests that the court stay this action and compel arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–14. Plaintiff Hospitality Corporation of Mississippi, Inc. (HCM) has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that defendant's motion is not well taken and should be denied.

On or about May 20, 1994, plaintiff and defendant entered into an agreement pursuant to which plaintiff was to assume the obligations of Baldev, Vipin and P.K. Patel under a franchise agreement executed between the Patels and Choice on August 13, 1993. Under the agreement, HCM was granted a non-exclusive license to use Choice's franchise system and to operate a hotel at Interstate 55 and Old Agency Road in Ridgeland, Mississippi under Choice's Comfort® marks. In return, HCM was to pay certain fees specified in the franchise agreement.

On April 23, 1996, HCM advised Choice that the Ridgeland hotel was to become the subject of condemnation proceedings instituted by the Mississippi Department of Transportation pursuant to the eminent domain powers of the State of Mississippi. In response to this information, H. Dale Palmer, a director of development for Choice, sent a letter to HCM, dated April 23, 1996, outlining the terms upon which Choice and HCM would handle the impending condemnation and the effect of that proceeding upon their franchise agreement. Specifically, Choice informed HCM that it would terminate the franchise agreement under which the parties had

been operating, but that, should HCM desire to replace its hotel, Choice would permit HCM to transfer its franchise and open a new facility at another site within the same general location. Subsequently, Choice sent a confirmatory letter, dated October 22, 1996, advising that it would agree to the terms and conditions set forth by Palmer in his letter of April 23.

According to HCM, in the interim and in reliance upon Palmer's April 23 letter, it began to search for a new location at the Ridgeland exit of Interstate 55. HCM located land adjacent to the original location and, in August 1996, purchased the land for $326,000.[1]

In January of 1998, the land upon which HCM's hotel was located was transferred, as anticipated, to the State of Mississippi. Thus, by letter dated April 2, 1998, Choice informed HCM that, because of the condemnation proceedings and resultant loss of the property, its existing franchise and assumption agreements were terminated in accordance with the franchise agreement, effective December 31, 1997.

Thereafter, HCM apparently submitted an application for a new Choice franchise.[2] On September 17, 1998, Choice sent a letter to HCM acknowledging receipt of its application and enclosing, for execution, certain documents, including a new franchise agreement. In its letter, Choice emphasized that neither the letter nor the enclosed documents constituted an offer to enter into a franchise agreement and that any such offer would be communicated in the letter notifying HCM whether its application had been approved. The letter additionally counseled that HCM should not execute the documents until it received such notification.

Subsequently, by letter dated September 22, 1998, Choice sent notification that

HCM's application had been approved, subject to the timely return of the signed franchise documents and the requested supporting information. The letter also stated that the documents should not be signed or dated prior to October 2, 1998, but that if Choice had not received all of the necessary documentation by October 12, it would be under no obligation to extend, beyond that date, its approval of HCM's application or its offer to grant or transfer the franchise.

Defendant contends, and plaintiffs do not refute; that HCM failed to return, by October 12, the executed franchise agreement or any of the other documentation demanded by Choice. As a result, on October 22, Choice notified HCM by letter that it was withdrawing its offer to franchise the Ridgeland project. In response, HCM filed this action on August 9, 1999, urging that it relied to its detriment upon Choice's representation as to the transfer of its franchise. Plaintiff also argues that Choice breached its contract in refusing to grant a new franchise and that the defendant's conduct additionally constitutes a breach of the duties of good faith and fair dealing. As recompense, HCM requests that defendant be estopped from denying it a franchise at the new location and that defendant compensate HCM for its loss of income during the period of time in which the franchise would have been operational or, in the alternative, that a judgment be entered against Choice for actual damages in the amount of $373,500, plus interest; loss of income in the amount of $4,000,000, plus interest; punitive damages in the amount of $10,000,000 and reasonable attorneys' fees and costs of court.

In its motion, Choice urges this court to dismiss plaintiff's complaint or, alternatively, to stay the action and compel arbitra-

1. In addition to the purchase price of the land, HCM claims to have incurred legal expenses, fees for architectural services in the amount of $39,300 and $7,500 in fees for a survey and soil testing.

2. Although there is no evidence in the record of an application submitted by HCM, Choice

claims, in its brief, that it received a franchise application from HCM and the Patels on September 16, 1998 for a hotel to be constructed at Exit 105B of Interstate 55. Choice also refers to and acknowledges receipt of HCM's application in its September 17, 1998 letter.

tion pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–14.[3] In support of its request, Choice relies upon the arbitration provision contained in the original franchise agreement, as well as the principle that arbitration clauses are strongly favored and broadly interpreted. HCM argues, contrarily, that the original franchise agreement was terminated by Choice, so that the arbitration provision is no longer in effect, and that, in any event, the allegations and causes of action in the instant case do not arise out of or relate to the original franchise agreement, but relate, instead, to Choice's granting of a new, completely separate franchise.[4]

While it is true, as defendant asserts, that arbitration agreements are strongly favored and to be liberally construed,[5] there is no arbitration agreement applicable to the present controversy. The dispute in the instant case pertains to an agreement that is both separate and distinct from the original franchise agreement which contains the arbitration provision upon which Choice relies and which, by its terms, applies only to a "controversy or claim arising out of or relating to [the original] Agreement."[6] According to Choice's own correspondence, the original franchise was terminated. Further, this case does not challenge the termination of that original agreement, but, instead, involves Choice's alleged agreement to extend HCM a new franchise to be operated under a separate franchise agreement.[7]

---

3. The FAA provides, in part, that

　[a]　written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

4. Although Choice devotes a portion of its brief to the issue of whether or not the original franchise agreement is a contract involving commerce, plaintiff does not dispute that point, but insists, instead, that the arbitration provision in the original franchise agreement, whether valid or not, is inapplicable to this action since it involves claims arising under an agreement that is entirely discernible from that involving the original franchise agreement and to which the arbitration provision applies.

5. *See City of Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 527–28 (5th Cir.1983) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)) ("Whenever the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration .... 'The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability.' ").

6. The original franchise agreement, under which plaintiff and defendant operated, contains an arbitration provision that provides as follows:

Except for claims for indemnification pursuant to paragraph 14 above, any controversy or claim arising out of or relating to this Agreement, or the breach thereof, including any claim that this Agreement or any part is invalid, illegal, or otherwise voidable or void, shall be submitted to final and binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Any claim which is not submitted within three years of the date on which the claim arose shall be barred, unless applicable law provides for a shorter statute of limitation.

7. The court is aware of the fact that,

[u]nder the federal common law of arbitrability, an arbitration provision in a contract is presumed to survive the expiration of that contract unless there is some express or implied evidence that the parties intend to override this presumption: "In short, where the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication."

*Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 781 (10th Cir.1998) (quoting *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 255, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977)). However, this presumption is inapplicable in the instant case since, as noted, the dispute does not arise out of or relate to the

In conclusion, then, because plaintiff's claims do not fall within the purview of the arbitration provision in the original franchise agreement, defendant's motion for dismissal or, alternatively, to stay the action and compel arbitration is not well taken and should be denied.[8]

Based on the foregoing, it is ordered that defendant's motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction, or, alternatively, to stay the action and compel arbitration is denied.

agreement in which the arbitration provision is found.

8. Although defendant also seeks dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), and for lack of subject matter jurisdiction, it has offered no evidence in support of its position, other than that supporting its contention that plaintiff's claims should be submitted to arbitration. Nevertheless, because it does not " 'appear[ ]

beyond doubt that the plaintiff can prove no set of facts in support of [its] claim[s] which would entitle [it] to. relief,' " the court concludes that dismissal for failure to state a claim is inappropriate. *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Furthermore, because jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332, dismissal on that ground is likewise inappropriate.